Filed 12/15/20  Sangster v. Valencia CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| LUMBSDEN A. SANGSTER,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>ANTHONY VALENCIA,<br><br>    Defendant and Appellant. | E073478<br><br>(Super.Ct.No. CIVDS1814746)<br><br>**ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING**<br>[NO CHANGE IN JUDGMENT] |

Appellant Lumbsden A. Sangster's December 1, 2020 petition for rehearing is denied.  The opinion filed in this matter on November 19, 2020, is modified as follows:

On page 3, line 14, add "while granting Valencia a fee waiver" after "request."

On page 4, after the second paragraph, add the following paragraph:  "Sangster also argues the trial court erred in granting Valencia a fee waiver.  But because Sangster sued Valencia for his conduct in his official capacity as a detective for the San Bernardino County Sheriff's Department and he was represented by San Bernardino County Counsel, he was entitled to a fee waiver.  (See Gov. Code, § 6103, subdivision (a) [no "public officer . . . acting in his or her official capacity on behalf of . . . any

1

county . . . shall pay or deposit any fee for the filing of any document or paper, for the performance of any official service"].)"

On page six, after the second full paragraph, add the following paragraphs: "Sangster asserts Valencia and his colleagues destroyed evidence, framed him, and falsely accused him of the assault. Sangster thus argues Valencia's statements were not privileged under Civil Code section 47, subdivision (b)(2), which provides that "any communication made in furtherance of an act of intentional destruction or alteration of physical evidence undertaken for the purpose of depriving a party to litigation of the use of that evidence" is not privileged.

Valencia stated in his declaration in support of his motion for summary judgment that his press release simply relayed information obtained from the assault victims, including that one of them identified Sangster as the assailant. Sangster did not provide any evidence in opposition or dispute Valencia's separate statement of facts.

Thus, it was undisputed that Valencia's press release contained only information obtained from victims in the course of a police investigation. Sangster submitted no evidence to support his argument that Valencia's press release contained statements in furtherance of the destruction of evidence, so he failed to show that section 47, subdivision (b)(2) applied. The trial court therefore correctly found that Valencia's statements in his press release were absolutely privileged under section 47, subdivision (d)'s "fair reporting privilege." " "

Except for these modifications, the opinion remains unchanged. The modifications do not effect a change in the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:

RAMIREZ

P. J.

MENETREZ

J.

3

Filed 11/19/20  Sangster v. Valencia CA4/2 (unmodified opinion)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| LUMBSDEN A. SANGSTER, | |
| Plaintiff and Appellant, | E073478 |
| v. | (Super.Ct.No. CIVDS1814746) |
| ANTHONY VALENCIA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Janet M. Frangie, Judge.  Affirmed.

Lumbsden A. Sangster, in pro. per., for Plaintiff and Appellant.

Michelle D. Blakemore, County Counsel, and Matthew J. Marnell, Deputy County Counsel, for Defendant and Appellant.

1

## I.

## BACKGROUND

In 2007, former San Bernardino County Sheriff's Department Detective Anthony Valencia investigated an assault. One of the victims told Valencia that Lumbsden Sangster was the assailant. Valencia prepared a press release about the incident on behalf of the San Bernardino County Sheriff's Department, which relayed only information obtained from the victims, including that Sangster had been identified as the assailant. Valencia did not add anything to the press release beyond what the victims told him and his colleagues during their investigation.

The Daily Press newspaper reported on the incident shortly afterward. The article stated that, "according to sheriff's Detective Anthony Valencia," Sangster was the assailant. Over a decade later, in December 2017, an internet website republished the Daily Press's 2007 article, again identifying Sangster as the assailant.

In June 2018, Sangster alleged three causes of action against Valencia. The first cause of action for slander and libel (Civ. Code, §§ 46-47) alleged that Valencia falsely told the Daily Press that Sangster was the perpetrator of the assault Valencia investigated. The second and third causes of action for slander (Civ. Code, § 46) alleged Valencia made false statements about Sangster's trucking business in 2007 and 2008.

Valencia demurred to all three claims, arguing they were untimely filed. The trial court agreed as to Sangster's second and third causes of action. Because Sangster could not explain how he could amend the operative Second Amended Complaint to show that

5

he timely filed the second and third causes of action, the trial court sustained Valencia's demurrer to both claims without leave to amend. The trial court, however, found that Sangster's first cause of action was timely filed because it alleged an internet website republished Valencia's defamatory statements from the Daily Press article in 2017.

Valencia moved for summary judgment on Sangster's first cause of action on the grounds that it was untimely filed and barred by the "'fair reporting privilege.'" The trial court found that the claim was timely, but agreed with Valencia that it was barred by the fair reporting privilege and thus entered judgment for Valencia. Sangster timely appealed, and Valencia timely cross-appealed the trial court's finding that Sangster's claims were timely filed. We affirm the judgment.

II.

DISCUSSION

On appeal, Sangster argues the trial court erred by (1) denying his fee waiver request; (2) sustaining Valencia's demurrer to his second and third causes of action without leave to amend; and (3) granting Valencia's motion for summary judgment. We disagree on all three points.

1. *Fee Waiver*

Shortly after filing his complaint, Sangster requested a fee waiver. After holding a hearing to determine if Sangster qualified for a fee waiver, the trial court denied Sangster's request. Sangster claims the trial erred in doing so.

6

"[A] party challenging a judgment has the burden of showing reversible error by an adequate record." (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.) "Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant]. [Citation.]" (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.)

Here, Sangster has not provided an adequate record on appeal related to his fee waiver request. The record does not contain Sangster's fee waiver application, any supporting documentation, or a reporter's transcript from the hearing on the application. Because we cannot properly determine whether the trial court erroneously denied Sangster's fee waiver application on the inadequate record Sangster provided us, we must affirm the trial court's order denying the application. (*Hernandez v. California Hospital Medical Center*, *supra*, 78 Cal.App.4th at p. 502.)

2. *First Cause of Action*

Sangster contends the trial court erroneously granted summary judgment on his first cause of action. Valencia argues the trial court erred by finding the claim was timely filed and addressing it on the merits.

We need not decide whether Sangster's first cause of action for slander and libel was timely filed. Even if it was, we conclude the fair reporting privilege bars the claim.

The "fair reporting privilege" afforded by Civil Code section 47, subdivision (d) makes privileged "a fair and true report in, or a communication to, a public journal, of (A) a judicial, (B) legislative, or (C) other public official proceeding, or (D) of anything

7

said in the course thereof, or (E) of a verified charge or complaint made by any person to a public official, upon which complaint a warrant has been issued." (Civ. Code, § 47, subd. (d)(1); *Cole v. Patricia A. Meyer & Assocs., APC* (2012) 206 Cal.App.4th 1095, 1121-1122.) If the privilege applies to the defendant's statement, "the statement is absolutely privileged regardless of the defendant's motive." (*Hawran v. Hixson* (2012) 209 Cal.App.4th 256, 278.) "[T]he purpose of this privilege is to ensure the public interest is served by the dissemination of information about events occurring in official proceedings and with respect to verified charges or complaints resulting in the issuance of a warrant." (*Burrill v. Nair* (2013) 217 Cal.App.4th 357, 397, disapproved on other grounds by *Baral v. Schnitt* (2016) 1 Cal.5th 376, 391.) For that reason, "[c]ourts have construed the privilege broadly, 'mindful of the Legislature's intent . . . "to preserve the scarce resources of California's courts [and] to avoid using the courts for satellite litigation."' [Citation.]" (*Healthsmart Pacific, Inc. v. Kabateck* (2016) 7 Cal.App.5th 416, 431.) "Although the fair report privilege is typically invoked by news media defendants, it also protects those who communicate information *to the media*." (*Ibid*.)

Here, Sangster claims that Valencia's press release falsely stated that Sangster committed the assault. The issue, then, is whether the fair reporting privilege applies to Valencia's press release. We conclude that it does.

8

The undisputed evidence[1] shows that, while investigating an alleged assault, one of the victims told Valencia that Sangster was the assailant. Valencia then relayed this and other information obtained from the victims—and nothing more—in his press release. There is no evidence in the record that Valencia made any statements to the media beyond his press release.

"A 'public official proceeding' includes a police investigation" for the fair reporting privilege. (*Balzaga v. Fox News Network, LLC* (2009) 173 Cal.App.4th 1325, 1337.) Valencia's press release, which contained only information he and his colleagues obtained from the victims, therefore constituted "a fair and true report in, or a communication to, a public journal" of statements "said in the course" of a "public official proceeding." Consequently, Valencia's statements in his press release were absolutely privileged "and cannot support a defamation claim" of any kind. (*Ibid*.) The trial court therefore properly granted summary judgment to Valencia on Sangster's defamation claim.

---

[1] Sangster submitted no evidence in opposition to Valencia's motion for summary judgment, nor did he dispute Valencia's separate statement of undisputed facts. Valencia's evidence in support of his summary judgment motion therefore is undisputed.

3. *Second and Third Causes of Action*

Sangster's second and third causes of action respectively alleged that Valencia made false and defamatory statements about his trucking business in 2007 and 2008. "The statute of limitations for an action for slander is one year." (*Eghtesad v. State Farm General Ins. Co.* (2020) 51 Cal.App.5th 406, 415.)  Sangster's second and third causes of action, filed in 2018, were therefore untimely filed.  (*Ibid.*)  Sangster did not explain in the trial court, and has not explained on appeal, how he could amend either claim to state facts that would render either claim timely filed.  The trial court therefore did not err in sustaining Valencia's demurrer to Sangster's second and third causes of action without leave to amend.

III.

DISPOSITION

The judgment is affirmed.  Valencia shall recover his costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

MENETREZ
J.

10